743 P.2d 114

**Charles R. SMITH, Petitioner,**

v.

**Honorable Philip ASHBY, Respondent,**

**and**

**Kris P. Jones and Timothy R. Schweitzer Defendants/Real Parties in Interest.**

**No. 17283.**

Supreme Court of New Mexico.

Sept. 28, 1987.

Damon Ely, Carpenter & Goldberg, Albuquerque, for petitioner.

Sarah M. Bradley, Bradley & McCulloch, Albuquerque, for respondent and real parties in interest.

## OPINION

WALTERS, Justice.

Petitioner Charles R. Smith has requested issuance of a writ of superintending control, directed to Respondent, to prevent enforcement of Respondent's order requiring Mr. Smith to sign a document requesting and authorizing his personal physician to disclose "any and all information" in the doctor's possession regarding Mr. Smith, to defense counsel. The order would permit such disclosures out of the presence of Mr. Smith or his attorneys.

Counsel for the real parties in interest argue that the order is necessary because without it, even though the doctor-patient privilege has been abolished as pertains to the rules of evidence (*see* SCRA 1986, 11–501 through 11–514), physicians jealously guard the confidential relationship existing between a patient and his physician, and consider a breach of such confidentiality without the patient's consent to be an ethical breach of their Hippocratic oath.

That argument fails as a reason for requiring the consent requested. Mr. Smith's counsel has agreed in writing that any and all of the information sought may be furnished by his doctor, if his attorneys are present at the time any oral communications are made by the doctor to defense counsel.

Moreover, there are traditional legal means of obtaining medical information through conventional discovery procedures. SCRA 1986, 1–026. Defense counsel urges the necessity of the order compelling Mr. Smith to sign the consent and authorization requested on grounds that the cost of deposing a doctor is prohibitive in many cases. That argument, too, must be rejected. Expenses incurred in depositions by written interrogatories, for instance, surely should not equal the costs of oral depositions. Additionally, the patient here is willing to permit complete disclosure to opposing counsel by his doctor, upon condition that his counsel also be present at the time of disclosure.

This Court has long recognized the relationship of trust and confidence between a physician and patient. *Woods v. Brumlop*, 71 N.M. 221, 377 P.2d 520 (1962). In *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill.App.3d 581, 102 Ill.Dec. 172, 499 N.E.2d 952 (1986), the Illinois appellate court joined the "growing number of courts which have found that public policy strongly favors the confidentiality of the physician-patient relationship and thereby prohibits, because of the threat posed to the sanctity of that relationship, extra-judicial *ex parte* discussion of a patient's medical confidences." *Id.* 102 Ill.Dec. at 177, 499 N.E.2d at 957. Further, "we find it difficult to believe that a physician can engage in an *ex parte* conference with the legal adversary of his patient without endangering the trust and faith invested in him by his patient." *Id.* 102 Ill.Dec. at 182, 499 N.E.2d at 962.

Society's interest in preserving the confidential nature of the physician-patient relationship is, through our decision to bar *ex parte* conferences, also fostered by members of the public who look to the court system for justice will know that although they have consented to the release of information regarding the condition placed at issue, they have not, by instituting litigation, automatically consented to a complete breakdown of the trust and confidentiality embodied in the physician-patient relationship.

*Id.* 102 Ill.Dec. at 187, 499 N.E.2d at 967. We agree with *Petrillo* that public policy dictates that practices and procedures in litigation should not allow for unnecessary breakdown of the trust and confidentiality embodied in the physician-patient relationship. As we have noted, this is not a question of privilege, for there is no longer a physician-patient privilege in New Mexico. Rather, this is a recognition that it is neither good nor necessary, particularly under the facts of this case, that litigants perceive their privacy interests and other personal relationships threatened by court-ordered *ex parte* encroachments by the opposing party.

We encourage non-formal discovery at its most inexpensive level, and that would appear to be available in this case under the consent form offered by Petitioner. There well may be cases or instances when a party would have no objection to *ex parte* communications between his doctor and his adversary. But when the patient objects to *ex parte* communications between his doctor and anyone else, we see no logical reason for ordering that type of discovery, disclosure, or communication—particularly when, as here, the patient willingly agrees that the communication may occur when his attorney is also present. We are not persuaded that a forced intrusion by opposing counsel into the confidential and fiduciary relationship between doctors and patients will provide any relevant information not otherwise available with the added presence of the patient's attorney during such disclosures. *See Wenninger v. Muesing,* 307 Minn. 405, 240 N.W.2d 333, 337 (1976).

For the above reasons, a permanent writ of superintending control shall issue forthwith prohibiting Respondent from enforcing the order which compels Petitioner to authorize and consent to his physician's *ex parte* communications with counsel for the real parties in interest.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.